753 S.E.2d 423

Re: RECONCILIATION and DISPOSITION OF GENERAL
SESSIONS CASES STATEWIDE and APPOINTMENT
OF COMMITTEE MEMBERS.

Appellate Case No. 2013–002484.

Supreme Court of South Carolina.

Jan. 7, 2014.

## ORDER

In *State v. Langford,* 400 S.C. 421, 735 S.E.2d 471 (2012), this Court ruled that S.C.Code Ann. § 1–7–330 (2005), which vests exclusive control of the criminal docket in the circuit solicitor, violates the separation of powers principle embodied in Article 1, Section 8 of the South Carolina Constitution. Together with its decision in *Langford,* the Court issued administrative orders concerning the disposition and reconciliation of cases in the Court of General Sessions, but subsequently held those orders in abeyance pending further action by the Court. Additionally, the Court directed that a Committee be appointed to propose a plan for the implementation of the changes necessary to docket management in the Court of General Sessions.

Pursuant to the provisions of Article V, § 4, of the South Carolina Constitution, and in furtherance of this Court's opinion in *State v. Langford,* the Court has created the General Sessions Docket Committee and appoints the following representatives from the Judiciary, Solicitors, Public Defenders, Private Counsel, and Clerks of Court to the Committee. The Committee is charged with making recommendations to the Court concerning the adoption of a rule or order for the orderly administration of the docket in the Court of General Sessions.

**Judges**

The Honorable Donald W. Beatty (Chair)

The Honorable Perry M. Buckner

The Honorable Roger L. Couch

The Honorable Deadra L. Jefferson

The Honorable Letitia H. Verdin

**Solicitors**

Barry Joe Barnette

Kevin Scott Brackett

Ernest Adolphus Finney, III

James Strom Thurmond, Jr.

**Public Defenders**

Harry Alfred Dest

John I. Mauldin

Orrie E. West

**Private Counsel**

James Wofford Bannister

Michael Demorris Brown

Carl B. Grant

Joseph M. McCulloch, Jr.

C. Rauch Wise

**Clerks of Court**

M. Hope Blackley

Beulah G. Roberts

Alma Y. White

Paul B. Wickensimer

**Administrative Support**

Jason M. Bobertz

Sakoya R. Bryant

Justice Beatty, as the Committee Chair, shall establish a timetable for Committee meetings as soon as practicable.

Additionally, we find it necessary to confirm the inventory of outstanding General Sessions cases and to reconcile any

discrepancies that may exist between records maintained by the Solicitors and the Clerks of Court. Therefore,

IT IS ORDERED that each Circuit Solicitor shall reconcile all pending General Sessions cases attributable to each county in the Solicitor's circuit with the records maintained by the County Clerks of Court using the County Statistics Self–Audit Portal.

Any discrepancies between the Solicitor's records and the Clerk of Court's records shall be reconciled to ensure dispositions are accurately reflected in the Clerk's Case Management System. Cases shown as pending in the Clerk of Court's records may not be ended except by court order or written notification from the Solicitor that the case has been dismissed or *nolle prossed.* The Circuit Solicitor shall provide to the Clerk of Court the name of the Assistant Solicitor and the attorney for the defendant, if any, in each pending case.

The General Sessions records for each county must be reconciled no later than thirty (30) days from the date of this Order. The Solicitors shall notify the Chief Justice through the Director of Court Administration of compliance with this Order and that the record of pending cases is accurate as of the date of reconciliation. The Solicitors shall also notify the Public Defender that the records have been reconciled. Within 15 days of notification from the Solicitor, the Public Defender shall review the list of pending cases provided in the online Court Roster and provide to the Clerk of Court any updated information regarding the name of the defendant's attorney. Within 45 days of the date of this Order, the Clerk of Court shall provide to the Chief Judge for Administrative Purposes a report of all cases pending over 545 days from the date of filing with the Clerk of Court.

Thereafter, Clerks of Court shall conduct monthly self-audits utilizing the County Statistics Self–Audit Portal to ensure that the records transmitted to the South Carolina Judicial Department are accurate. Verification of the monthly self-audit will be submitted to the South Carolina Judicial Department for the Chief Justice's periodic review. Further, it is the ongoing responsibility of the Solicitors and Clerks of Court to reconcile pending General Sessions cases on a quarterly basis.

The Solicitor shall also provide a list of all cases pending for more than 545 days since filing with the Clerk of Court, which the Clerk shall maintain separate and apart from other pending cases. The Solicitor shall provide to the Clerk of Court the following information regarding cases pending for more than 545 days: (1) Indictment number; (2) Defendant's name; (3) Date of Arrest; (4) Assigned Assistant Solicitor; (5) Current Defense Counsel, any Previous Counsel, and Grounds for any Substitution or Change; (6) Date of Indictment (True Bill); (7) Request(s) for Continuances, if any; (8) Results of any Previous Motions or Hearings, if any; (9) whether the defendant is confined or on bond.

Cases which have been pending for more than 545 days since the date of filing with the Clerk of Court shall be promptly set for disposition by the Chief Judge for Administrative Purposes, taking into account the need to balance disposition of these older cases with trials in ongoing matters. The Chief Judge for Administrative Purposes shall consult with the solicitor to determine the best method to achieve prompt resolution of these matters, and may request special terms of court for order by the Chief Justice to resolve these matters.

/s/JEAN H. TOAL, C.J.

/s/COSTA M. PLEICONES, J.

/s/DONALD W. BEATTY, J.

/s/JOHN W. KITTREDGE, J.

/s/KAYE G. HEARN, J.
FOR THE COURT